T.C. Summary Opinion 2003-134

UNITED STATES TAX COURT

JANET E. CROWELL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

CLAY J. AND MONYA H. CROWELL, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 5434-02S, 5640-02S.    Filed September 26, 2003.

Janet E. Crowell, pro se in docket No. 5434-02S.

Clay J. Crowell, pro se in docket No. 5640-02S.

Susan Smith Canavello, for respondent.


COUVILLION, Special Trial Judge:  These consolidated cases were heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petitions were filed.[1]  The decisions to be entered are not reviewable by any other court, and this

_____

[1]   Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue.

opinion should not be cited as authority.

Respondent determined deficiencies in Janet E. Crowell's 1998 and 1999 Federal income taxes in the amounts of $2,820 and $3,150, respectively. Respondent determined deficiencies in Clay J. and Monya H. Crowell's 1998 and 1999 Federal income taxes in the amounts of $4,424 and $2,557, respectively.

Petitioner Janet E. Crowell (Mrs. Crowell) and petitioner Clay J. Crowell (Mr. Crowell) were formerly married to each other. The sole issue for decision is which petitioner is entitled to deductions for dependency exemptions under section 151 for the 2 years in question with respect to four children of their former marriage.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petitions were filed, Mrs. Crowell's legal residence was Clinton, Louisiana, and Mr. Crowell's legal residence, along with that of his current wife and copetitioner, was Livingston, Louisiana. For convenience, the two litigants are hereafter referred to as "petitioners".

Petitioners were married to each other in August 1974. They were divorced on April 27, 1994. They had six children:

Jon Crowell, believed to be the oldest child, whose date of birth is not shown in the record;

Adam Crowell, whose age is also not shown in the

record;

Cody Lee Crowell, born on June 16, 1979;

David Jordan Crowell, born on June 28, 1983;

Ben Michael Crowell, born on May 28, 1986; and

Beth Ann Crowell, born on March 19, 1990.

On their separate Federal income tax returns for 1998 and 1999, petitioners each claimed dependency exemption deductions for their four children named above, Cody, David, Ben, and Beth. Neither party claimed dependency exemption deductions for Jon and Adam. In the notices of deficiency, respondent disallowed the four dependency exemption deductions claimed by Mr. Crowell and Mrs. Crowell on their respective returns. Respondent also disallowed child care credits claimed by both parties; however, those credits will be allowed to the party the Court decides is entitled to the dependency exemption deductions at issue.

Petitioners, as noted above, were divorced on April 27, 1994. They were divorced by the Family Court, Parish of East Baton Rouge, Louisiana. A copy of the judgment of divorce was not offered into evidence; however, copies of several subsequent court decrees were offered into evidence relating to various visitation and child support questions that arose after the divorce. These court decrees establish that petitioners were granted joint custody of their children, with Mrs. Crowell being the "residential parent" for the five youngest children, and Mr.

Crowell was decreed the residential parent for the oldest child, Jon. The parties do not dispute that the term "residential parent" in the court decrees means the parent with primary care, custody, and control of the children. For the four children who are the subject of the dependency exemption deductions, Mrs. Crowell was the residential parent. The court documents contain no provisions governing the dependency exemption deductions of the children for Federal income tax purposes except for a Stipulated Judgment rendered by the court on October 4, 2001, relating to dependency exemption deductions for two of the children for the year 2001 and ensuing years. That judgment and its impact on the issue before the Court is discussed later in this opinion.

Respondent has not taken a position as to which petitioner is entitled to the dependency exemption deductions for the four children, Cody, David, Ben, and Beth, for the 2 years at issue.[2]

There is no dispute that the four children of petitioners are "dependents" as defined in section 152 and that each of the children received, during the years at issue, over half of their support from the parents, petitioners. Where the parents are divorced and the children are in the custody of one or both parents for more than one-half of the calendar year, section

[2] Neither petitioner claimed the two children, Jon and Adam, as dependents on their 1998 and 1999 tax returns.

152(e)(1) allows the dependency exemption deduction to the "custodial parent". Section 1.152-4(b), Income Tax Regs., provides generally that the custodial parent is determined by the most recent decree of divorce in effect between the parties. In this case, there is no dispute that Mrs. Crowell was the custodial parent for the four children. However, the noncustodial parent is allowed a dependency exemption deduction if, under section 152(e)(2), the following conditions are met (among other situations not pertinent to this case): The custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's income tax return for the taxable year.

Pursuant to section 152(e)(2), temporary regulations have been promulgated providing that "The written declaration may be made on a form to be provided by the Service for this purpose. Once the Service has released the form, any declaration made other than on the official form shall conform to the substance of such form." Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[3] Internal Revenue Service

---

[3] The Court notes that temporary regulations have binding effect and are entitled to the same weight as final regulations. Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992); see LeCroy Research Sys.

(continued...)

Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, requires the (1) name of the children for which exemption claims were released, (2) years for which the claims were released, (3) signature of the custodial parent, (4) Social Security number of the custodial parent, (5) date of signature, and (6) name and Social Security number of the parent claiming the exemption.

In this case, Mr. Crowell attached to his 1998 and 1999 Federal income tax returns a Form 8332 signed by Mrs. Crowell with respect to the dependency exemption deductions for their children. Part I of that form, Release of Claim to Exemption for Current Year, allows Mr. Crowell the dependency exemptions for Cody, David, Ben, Beth, and Adam for the year 1995. Part II of that form, Release of Claim to Exemption for Future Years, allows Mr. Crowell dependency exemption deductions for Cody, David, Ben, and Beth for 11 years, 1996 through 2006. Both Parts I and II of the form are dated August 2, 1996. Respondent, in the notice of deficiency to Mr. Crowell, disregarded without explanation the Form 8332 and disallowed the dependency exemption deductions claimed for the four children for 1998 and 1999. Respondent likewise disallowed the four dependency exemption deductions for

³(...continued)
Corp. v. Commissioner, 751 F.2d 123, 127 (2d Cir. 1984), revg. on other grounds T.C. Memo. 1984-145.

the same children claimed by Mrs. Crowell on her 1998 and 1999 returns.

As might have been expected, the testimony of Mr. Crowell and Mrs. Crowell at trial conflicted. Mr. Crowell testified, without contradiction by Mrs. Crowell, that they filed a joint Federal income tax return for the year of their divorce, 1994, and thereafter filed separate returns. Mrs. Crowell admitted to having signed a Form 8332 in favor of Mr. Crowell for 1994 or 1995 but adamantly denied having signed a form to allow Mr. Crowell the dependency exemptions for 11 succeeding years or for any years other than 1994 and 1995. Mr. Crowell testified that two Forms 8332 were signed by Mrs. Crowell, one for the 1994 tax year and another Form 8332 for the 1995 tax year, the latter of which included the 11 succeeding years beginning in 1996. The Form 8332 that Mr. Crowell claimed was signed by Mrs. Crowell for 1994 was not offered into evidence, although, based on Mrs. Crowell's admission that she had signed a Form 8332 for 1994 or 1995, it is conceivable, and the Court finds, that she executed a Form 8332 for 1994 and another Form 8332 for 1995. The issue, therefore, is whether the Form 8332 for 1995 included a release of the exemptions to Mr. Crowell for the 11 succeeding tax years reflected on Part II of that form.

Under section 152(e), in the case of divorced parents with minor children, the parent who is awarded custody of such

children generally is entitled to claim the dependency exemption deduction unless the parent having custody elects to release the exemption deduction for the children in his or her custody and supplies a written release to that effect.  Implicit in section 152(e) is that the custodial parent has the discretion and right to decide whether the dependency exemption deduction is to be released to the noncustodial parent.  In this case, Mrs. Crowell was adamant in her testimony that she did not consent to a release of the dependency exemption deductions to her former spouse, Mr. Crowell, for 11 years, including the years at issue. It is patently clear to the Court, therefore, that Mrs. Crowell did not intend to release the dependency exemption deductions to Mr. Crowell for the 11 years following the year 1995.  The Form 8332, moreover, is suspect in the sense that it purportedly releases the dependency exemptions of the four children to years that extend well beyond the age at which most of the children would ordinarily qualify as dependents.  For example, in the year 2006, the last year listed on Form 8332, Cody would be 29 years old, David would be 23 years old, and Ben would be 20 years old. Only Beth would be 16 years old and likely could still be an eligible dependent.

There are other factors that tip the scale in favor of Mrs. Crowell. Respondent engaged the services of a forensic document analyst for an examination of the Form 8332 in question. The analyst's report, submitted into evidence, concludes that "the examiner can find no evidence to indicate that the K1 writer [Mrs. Crowell] wrote the questioned material on Exhibit Q1 [the Form 8332]." Although the forensics analyst qualified his conclusion with a statement that "without additional contemporaneous exemplars, a more definite conclusion cannot be reached", the opinion of that analyst points toward a conclusion that Mrs. Crowell did not extend a release of the dependency exemptions beyond the year 1995. Additionally, the parties offered into evidence a "Stipulated Judgment" rendered by the Family Court, East Baton Rouge Parish, Louisiana, dated October 4, 2001, in which both petitioners were represented by counsel. In that judgment, Mr. Crowell's child support for the two named remaining minors was fixed at $1,250 per month. Additionally, the judgment further provided:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that for the year 2001 and the ensuing years the parties will each claim one child for tax dependency purposes. Janet Elizabeth Smith Crowell shall have the right to claim Beth and Clay Crowell shall have the right to claim Ben. The dependency deduction shall be revisited when child support for Ben ceases.

The judgment contains no reference to a Form 8332. This Court concludes, from the quoted portion of the judgment and the lack of reference to a Form 8332, that the Family Court and the parties' attorneys presumed that Mrs. Crowell continued throughout the years preceding 2001 to be the custodial parent for the four children, and that Mrs. Crowell was availing herself of the dependency exemption deductions for Federal income tax purposes to the extent such children were qualified dependents, and that only beginning for the year 2001 would Mr. Crowell be entitled to a dependency exemption deduction for one child. The omission of any reference in that judgment to the Form 8332 satisfies this Court that neither Mrs. Crowell, nor her attorney, nor the Family Court was aware that there was an outstanding Form 8332 being used by Mr. Crowell to claim the dependency exemptions for the four children.

On this record, therefore, the Court sustains Mrs. Crowell's entitlement to the dependency exemption deductions for 1998 and 1999. The Court sustains respondent's disallowance of these deductions to Mr. Crowell for these 2 years.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for petitioner in docket No. 5434-02S, and decision will be entered for respondent in docket No. 5640-02S.